NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
FERENC K. CSABAI, et al.,            :        Civil Action No. 13-878(FSH)
:
           Plaintiffs,               :
:
      v.                             :        **OPINION**
:
DSM, etc.,                           :        April 8, 2014
:
           Defendant.                :
_____:

**HOCHBERG, U.S.D.J.:**

       This matter comes before the Court upon the Motion of Defendant DSM ("Defendant") to Dismiss the Amended Complaint of Plaintiffs Ferenc K. Csabai, Curtis Landsberger, David P. Smith, Michael Scardigno, John D. Miles, Margaret T. Miles, Michael A. Miles, and Anna E. Dale (collectively "Plaintiffs"). Pursuant to Fed. R. Civ. P 78, this motion was decided on the papers and without oral argument.

**I.     BACKGROUND**

       This case represents the eighth lawsuit filed by one or more of the *pro se* Plaintiffs alleging that Defendant and its officers have fraudulently misrepresented almost every aspect of Martek Biosciences Corporation ("Martek")[1] to the public equity market since 1993. In three of these cases, the complaint was dismissed for failure to effect service of process. *See Csabai v. Martek Biosciences Corp.*, No. CCB-11-316, 2011 WL 1831777, at *1 & n.3 (D. Md. May 12, 2011) (citing the dismissed cases). In a different three cases, summary judgment was granted for the defendants based on the statute of limitations and failure to adequately plead securities fraud.

---

[1] Martek was merged into DSM on June 30, 2012.

*See id.* at *1 & n.4 (citing the dismissed cases).  In the seventh case, summary judgment was granted in favor of the defendants against certain plaintiffs due to res judicata, and against all plaintiffs due to the statute of limitations.  *See id.* at *4-5.

Plaintiffs filed their fifty-one page, unnumbered, poorly organized Complaint on February 11, 2013.  After a status conference held with Magistrate Judge Joseph A. Dickson, Plaintiffs were ordered to submit an Amended Complaint.  Plaintiffs filed their Amended Complaint on May 24, 2013, again arguing that Defendant fraudulently represented numerous aspects of Martek.  Defendant filed the instant Motion to Dismiss on July 22, 2013.  Plaintiffs filed an Opposition on August 5, 2013.  Defendant filed a Reply on August 16, 2013.

## II.     STANDARD OF REVIEW

In deciding a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), the court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Plaintiff's complaint is subject to the heightened pleading standard set forth in *Ashcroft v. Iqbal*:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to

> draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting *Twombly*, 550 U.S. at 557, 750).

## III.   DISCUSSION

A private cause of action for federal securities fraud "may be brought not later than the earlier of . . . 2 years after the discovery of the facts constituting the violation[,] or . . . 5 years after such violation."  See 28 U.S.C. § 1658(b).  Although the substance of Plaintiffs' Amended Complaint is not entirely clear, it is apparent that almost every act alleged by Plaintiffs occurred prior to February 11, 2008, and thus is barred by the statute of limitations. To dispute this contention, Plaintiffs point to the fact that Martek merged into DSM in June 2012, and argue that "the fraud never stopped."  To the extent that Plaintiffs allege acts occurring after February 11, 2008, these claims are dismissed for failure to plead fraud with particularity.[2]

Under Federal Rule of Civil Procedure 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  In order to meet this standard, a plaintiff "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).  Plaintiffs do not provide adequate information regarding the alleged fraudulent acts committed by Defendant after February 11, 2008.  Instead, Plaintiffs' rambling Amended Complaint is filled with copies of both newspaper articles and SEC filings, and contains numerous conclusory allegations such as the following:

> The Martek/DSM fraudulently misrepresented business structure was dominated by continued evolving securities frauds perpetrated to source

---

[2]  This Court also notes that the acts alleged by Plaintiffs that occurred prior to February 11, 2008 could also be dismissed for this reason.

3

> free capital from Martek's public market investors to control/eliminate DSM's risk while building DSM a new business . . . .
>
> In 2010, Martek acquired Amerifit, which appears to be a cover up means to unload cash before the DSM "acquisition", possible a money laundering move relative to Martek's very successful ability to raise capital from the public securities market.

Because these allegations, along with the rest of the Amended Complaint, fail to plead fraud with the particularity required by Rule 9(b), the Amended Complaint is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. An appropriate Order follows this Opinion.

s/ Faith S. Hochberg<br>
**Hon. Faith S. Hochberg, U.S.D.J.**

Dated:  April 8, 2014